DORINDA ARMSTRONG *et al. v.* ARCHER WEINSTEIN.

*N. Y. Supreme Court, First Department, General Term, July* 9, 1889.

1. *Sale of infant's real estate. Jurisdiction.*—In proceedings for the sale of an infant's real estate, the court does not possess any jurisdiction whatever to construe a will, and determine the question, or allow a special guardian to ascertain what interest the infant has, under the will, in the real estate, or whether or not it is in a condition to be sold under statutory proceedings.
2. *Same. Specific performance.*—The court cannot make a title open to a reasonable doubt a marketable one by passing upon an objection depending on a disputed question of fact or a doubtful question of law in the absence of the party in whom the outstanding right is vested, and will not compel a purchaser in proceedings to sell an infant's real estate to take a title based upon the question of an implied power of sale, where no adjudication binding upon the infant has been had.

Controversy submitted upon an agreed case.

*J. Delehanty*, for appellant.

*A. Stern*, for respondent.

VAN BRUNT, P. J.—The facts appearing upon the submission are that on the 21st of December, 1872, one Hamilton Armstrong, then the owner in fee of the premises in question, died, leaving a last will and testament, which was duly admitted to probate, and letters testamentary thereon issued to the plaintiff, Dorinda Armstrong, Edward Martin and P. T. O'Brien; that said Hamilton Armstrong left him surviving his widow the plaintiff, his daughters Sarah Bogg and one Eleanor L. Armstrong, an infant of the age of seventeen, and one Dora Armstrong, since deceased, intestate, who was never married and left no

descendants ; that on the 8th of February, 1889, the defendant, being desirous to purchase said property, entered into an agreement in writing with the plaintiff for the purchase of the premises, and paid to the plaintiff the sum of $500 as a deposit ; that thereafter, on the 23d of February, 1889, the supreme court, on an application therefor by the plaintiff, appointed the plaintiff John Berry special guardian of said infant, and authorized and empowered him to contract for the sale and conveyance of the interest of said infant in said premises ; that the said special guardian did enter into a contract with the defendant for the sale of said infant's interest in said premises ; that the plaintiffs have always been ready and willing, and still are ready and willing, to perform said agreement on their part, and in pursuance of said agreement tendered on the 22d of April, 1889, to the defendant, deeds of the premises pursuant to said agreement, and that the defendant refused to accept said deeds and pay the balance of the purchase money, alleging as his reasons for so doing that the executors in said will named have no power to sell and convey said premises during the life of the testator's widow ; and, secondly, that the court had no jurisdiction to order a sale of said interest in said premises of said infant, because said Eleanor L. Armstrong is not seized of any estate in said premises as tenant in common or otherwise, and that a sale thereof would be contrary to the terms of the will. The plaintiff demands judgment for a specific performance of the contract, and the defendant demands judgment that he be released from his contract and be repaid the sum of $500 and interest.

The provisions of the will, so far as they are pertinent to the questions involved upon this appeal, are as follows :

*Second.* I give devise and bequeath to my said executors, and the survivor of them, all the estate and property, both real and personal whatsoever and wheresoever situate, of which I may die seized and possessed, upon the trusts

and for the purposes following, that is to say, first, to pay over to my said wife, during her life-time, net interest and income, rents, issues and profits of my estate, and to allow her the free and entire use and enjoyment of all my household furniture and other personal property, the above devise, however, being upon the express condition that she shall suffer and permit all my children—while minors—to live with her, and that she shall support them until they respectively arrive at the age of twenty-one years, or until their respective marriage, and I do therefore give to and confide in them, and the survivors of them, their care and custody while minors, and entrust them with their care and education, hereby appointing them their general guardians.

*Third.* Upon the death of my said wife, I direct that all my estate, both real and personal, be sold and disposed of, and the proceeds thereof be divided, share and share alike, among all my children. As to such of my children as may be minors at the time of such partition, I further direct that their respective shares be held in trust by the said Edward Martin and Patrick F. O'Brien, or the survivor of them, for the benefit of my said children until they shall severally arrive at the age of twenty-one years, the income of said shares to be applied, however, to or towards the education and support of the minor entitled to the same. For the purpose of carrying into execution the provisions and directions to this, my will, I authorize and empower my said executors, and the survivor of them, to sell and convey any real estate, whether held at the time of my death in severalty or in common with any other person or persons, and to execute all proper deeds, conveyances and assurances for giving effect to the same."

It depends upon the construction of this will as to whether the plaintiff's executors have a power of sale, and, secondly, whether the court has any power to, order a sale of the infant's interest in this real estate, if any she has.

These questions are discussed at length by the counsel for

the various parties, but we are unable to see how any authoritative adjudication as to that will can be made in this action. The special guardian has no power committed to him by his appointment, to bind the infant whom he represents, by any adjudication which may be made upon the subject of this title. No such duty has been confided to his care, and even if it should be held that this title was good, yet the infant could attack it, and not in any way be bound by the judgment which is sought to be entered upon this submission. There has been no such trust committed to the special guardian. There is no statement that the claim, in regard to the interests of this infant, was submitted to the court, and her interest, in that regard, committed to his care, such as would be the course had he been appointed her guardian *ad litem* in a proceeding for the construction of this will. In fact, the court, by the proceedings which have been initiated for the sale of this infant's interest in this real estate, have not had conferred upon them any jurisdiction whatever to determine the question, or to allow her special guardian to ascertain for her what interest she may have in this real estate, or whether it is in a condition to be sold under statutory proceedings, or not.

Under these circumstances, under the well established rules laid down governing actions for the specific performance of contracts in reference to the purchase of real estate, unless the title is good beyond a reasonable doubt, the defendant will not be required to take it.

It is true that objections which are merely captious, or mere suggestions of defects which no reasonable mind would draw, although within the range of possibility, or those which are clearly invalid by the law as settled, whatever doubts may at a former time have existed as to the questions raised, are not available to the purchaser, and will be disregarded.

In the case of Fleming *v.* Burnham (100 N. Y. 1), it was said : " But the question presented to the court on an appli-

cation to compel a purchaser on a judicial sale, who raises objections to the title tendered, to complete the purchase, is not the same as if it was raised in a direct proceeding between the very parties to the right. Where all the parties in interest are before the court, and the court has jurisdiction to decide, they are concluded by the judgment pronounced so long as it stands unreversed, however imperfectly the evidence or facts were presented upon which the adjudication was made, or however doubtful the adjudication may have been in point of law.

But the court stands in quite a different attitude where it is called upon to compel a purchaser to take title under a judicial sale, who asserts that there are outstanding rights and interests not cut off or concluded by the judgment under which the sale was made. The objection may involve a mere question of fact, or it may involve a pure question of law upon undisputed facts. In either case, it may very well happen that the question is so doubtful that although the court would decide it upon the facts disclosed, in a proceeding where all the parties interested were before the court, nevertheless it would decline to pass upon it in a proceeding to compel a purchaser to take title, and would relieve him from his purchase. The reason is obvious. The purchaser is entitled to a marketable title.

A title open to a reasonable doubt is not a marketable title. The court cannot make it such by passing upon an objection depending on a disputed question of fact or a doubtful question of law, in the absence of the party in whom the outstanding right was vested. He would not be bound by the adjudication, and could raise the same question in a new proceeding.

The cloud upon the purchaser's title would remain, although the court undertook to decide the fact or the law, whatever moral weight the decision might have."

It is therefore clear that the court not having jurisdiction to pass in this action upon the rights of the infant under

the will in question, so as to be binding upon her, no adjudication can be made in reference to the construction of this will, such as would be binding and relieve the purchaser from any doubt concerning his title. It is apparent from the nature of the briefs which have been submitted upon this question, that it is a question which is open to reasonable doubt.

It is by no means certain, or at least not so certain as to preclude a purchaser from raising the objection, as to what would be the result of a consideration of those questions.

The doctrine of implied power of sale, of which the plaintiffs seek to avail themselves, is certainly an obscure and uncertain one. The question as to whether the fee of this property remained in the trustees, or descended to these children, is certainly, as far as the plaintiff's claim is concerned, open to challenge.

Under these circumstances, the court would not and should not compel a purchaser to run the risk of taking this title, having no adjudication which would be binding upon the infant who may become interested in this estate.

We think, therefore, that the purchaser should be relieved from his purchase, and that he should have judgment for his $500 and interest, but under the circumstances, without costs.

DANIELS and BRADY, JJ., concur.